## In re MARTIN.

### (Circuit Court of Appeals, Second Circuit. November 9, 1915.)

### No. 24.

BANKRUPTCY ☞320—UNLIQUIDATED CLAIMS—DAMAGES FOR BREACH OF PROMISE—LIQUIDATION.

A claim against a bankrupt for damages for breach of a contract to marry, upon which the claimant had recovered a judgment in a state court, which had been reversed on technical grounds, *held* an unliquidated claim, within the meaning of Bankr. Act July 1, 1898, c. 541, § 63b, 30 Stat. 563 (Comp. St. 1913, § 9647), which the court properly ordered liquidated by a retrial in the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 479, 480; Dec. Dig. ☞320.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

On petition to revise an order made by Judge Learned Hand, confirming an order made by Referee John J. Townsend, which directed the claim of Cora Maude Clark to be re-examined and liquidated by the trial and final determination of an action for breach of promise to marry pending in the Supreme Court of New York County, in which the plaintiff is Cora Maude Clark and the defendant is the bankrupt.

Olcott, Gruber, Bonynge & McManus, of New York City (Irving L. Ernst, of New York City, of counsel), for appellant.

Jetmore & Jetmore, of New York City (Aaron P. Jetmore, of New York City, of counsel), for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. This case comes here upon petition to review an order made by Judge Learned Hand confirming an order of John J. Townsend, referee, which directed that the claim filed by Cora Maude Clark be reliquidated by the trial and final determination of an action pending in the Supreme Court of New York between the bankrupt and the said Cora Maude Clark.

Before the filing of the petition Cora Maude Clark commenced a breach of promise suit against the bankrupt and secured a verdict for $25,000. The bankrupt appealed from the judgment entered on the verdict and filed a petition in bankruptcy pending the appeal. Before the appeal was determined Cora Maude Clark filed a claim, based on said judgment, in the bankruptcy court. Thereafter the Appellate Division of the state court reversed the said judgment on technical grounds and ordered a new trial. The bankrupt thereupon filed a petition with the referee in bankruptcy under clause 3 of section 7, alleging that Cora Maude Clark had no claim against him and denied her right to file a claim. He prayed that the claim be re-examined, disallowed and expunged. The trustee filed a petition asking that the claim be re-examined and the amount thereof, if any, be determined

and liquidated by a retrial in the Supreme Court of New York. The referee after argument recommended that the claim be re-examined and liquidated by a jury trial in the state court.

The question here is whether the claim for damages for the breach of a contract is one that can be sent to the state court for determination. The bankrupt insists that the judgment of the state court having been reversed, there is now no legal claim against him, the law relating only to claims which are admitted or conclusively proved and not to claims which are unliquidated, denied and which may never be established at all. It seems to us that the referee was right in holding that section 63b covers the present controversy and that under this section he was justified in regarding the claim as unliquidated and properly found that it should be liquidated in such manner as the court may direct and then proved against the estate for the amount allowed. An action such as this is generally supposed to be one within the province of a jury and it is thought that the referee did not exceed his powers in ordering that the claim be determined in the Supreme Court of the state where the action was commenced and where it is now pending. The argument that a breach of promise to marry is not a claim until the question whether or not there was a contract of marriage is finally settled, is ingenious but not convincing. It is too refined for everyday application. The contention of the bankrupt in the District Court, was as stated by the referee, that:

"The referee should first sit and hear whether or not a contract of marriage was outstanding between these two parties, which was broken by one of them, and, having determined that issue in my mind, it is discretionary with me to send it where I choose in order to liquidate the damages for a breach."

In other words there must be two trials, one by the referee to determine whether the contract exists and another before a jury to determine the amount of the damages. We cannot agree to this proposition. The claim exists when the claimant alleges that the bankrupt promised to marry her, that he did so may be disputed and the proof may show that the claim is unfounded, but it is a claim, nevertheless, and if established and damages are found by reason of the breach of contract, they may be regarded as liquidated by the bankruptcy court. The District Court made a sensible disposition of the controversy by directing that the claim of Cora Maude Clark be re-examined and liquidated by the trial of the action pending in the state court.

The order is affirmed with costs.